Good morning, everyone. Please be seated morning honors. Welcome to the Ninth Circuit. We are delighted to see you all here We've got a full calendar of cases this morning We're gonna hear the cases in the order that they appear on the calendar I will just say at the outset that the last case on the calendar Which is United States versus Foster has been submitted on the briefs But we will hear argument and all of the other cases and we will not waste any time And we'll jump right into it United States versus Wu is the first case and counsel for the appellant. Are you ready to go? Yes, your honor. Great. Your honors. I'd like to reserve a minute and a half for rebuttal argument Would you would you pull up my phone closer? As judges get older their hearing evaporates I'll try to speak a little bit. Oh, that's wonderful. Okay. Thank you If it pleases court your honors the three issues that I've raised in the appeal the government has responded but I don't believe that any of its responses in any way detracted from the initial arguments and didn't want to waste your time with an Unnecessary reply brief the issues are very clear in the first case in the first issue It's whether or not the court should have granted a judgment of acquittal The evidence as presented by the government indicated from the testimony of its key witness miss Laura, can we take white that she intended to establish a life with mr. Wu? And she had an intention to live with him. There was no end date There was no end event would have terminated the marriage and it's also he argument. I hate to interrupt you so So fast, but doesn't matter who the government called and who the government didn't call as witnesses I Believe it does because under their ethical I expect the department have to answer that way. Well, they didn't call but because they have an ethical duty that when they present a witness if They present a witness that they believe is saying something untruthful. They have a duty to try to to present That that is untruthful To the court there was never any attempt to indicate that the testimony that mrs Laura Quentin white gave was in any way untruthful relative to her intent to establish a life with mr Wu she had no intention of any end date no end event So because of that she said she married him for reasons that were Conducive to her having a better more stable life That doesn't mean that it's not a valid marriage the the case law and and I've gone through and cited it with replete, but the the core concept that keeps being reaffirmed case after case is that the Concept of establishing a life as marital partners contains no federal dictate About the kind of life that partners may choose to lead any attempt to regulate their lifestyles Such as prescribing the amount of time they must spend together or designating the manner in which either party Partner elects to spend his or her time in the guise of specifying requirements of a bona fide marriage would raise serious constitutional questions And that is exactly what the government's brief goes to it is exactly what the government's evidence Went to it was trying to establish what kind of lifestyle they should lead together The fact that they didn't have sex during their marriage and only tried Attempted to have sex on one occasion doesn't change anything People have arranged marriages Where they don't know one another beforehand people Correspond with people and have brides that come from foreign countries they pay money they have immigration and Again, that is not a basis for finding it not to be a valid marriage the true counsel that Improving an issue like this a lot of circumstantial evidence comes in that may or may not be helpful But very few of people who are charged with this get up and admit it if the government had to wait for them Admitted we would go out of business In in criminal cases There are those that are tried. They're very usually convicted by circumstantial evidence What was wrong with admitting this evidence? the The issue wasn't the admission of the evidence your honor the issue was the fact that this evidence does not tear at the core concept which the law really Attempts to establish which is that they intended to establish a life together And I understand that things get proven by circumstantial evidence But the the direct evidence that was presented by the government Through this witness was that she and she did so pursuant to a plea agreement, which they've included in their supplemental excerpts we're moving back and forth between whether the government should be challenged because They didn't tell you what it was really, but she was going to testify about and Circumstantial evidence there's two different issues. Which one are you presenting to us for reversal? I'm presenting the issue of the judgment of acquittal should have been granted because of the fact that there is no evidence that it that Tears away from the concept that they intended to establish a life together And in the fact that some people plead guilty doesn't in any way still affect Whether or not mr. Wu is guilty we know that from the Tagalog case which says that some people may be guilty and others would not be it is What is the concept of what mr.. Wu intended at the time mr. Wu's behavior throughout the marriage was that of a husband He didn't even move to remove the two-year conditional status until after the two years and when he found out that she was having An extramarital relationship that she intended to continue with let's assume we disagree with you on the sufficiency challenge Why don't you talk about your motion? I don't know if I can't remember were you trial counsel. I was okay so talk about the mistrial motion and You help me help me get a better sense of how you think you were prejudiced by not having been alerted It was the Friday before Trial when this witness that you've been that you've been talking about first I guess indicated to the prosecution that they that she was not going to testify consistently with the affidavit yes, I had prepared all the way up to and The facts about the fact that Ms. White was going to change her position from what was the information that was included in the discovery? Was known to the government on Friday, but they did not disclose it until after she had been called as witness and was testifying So when I made my opening statement, it gave the appearance to the to the jury. I was uninformed What did you say in your opening statement? Because for some reason I don't think the transcript that that part of the trial wasn't transcribed right correct, so  You know cause a problem once you've learned about this later I relied on the facts as stated in her statement as being what she was going to say truthfully and that went to then the issue about whether or not she intended to establish a life together with Mr. Wu and when you read the statement, which is in the I've read it. I've read it many times So you told the jury in your opening statement that you were gonna hear I can't remember her name Laura Quinty-White, Linda Laura Quinty-White. Ms. White She's gonna say and you just tick through all the things she said in the affidavit And so you sort of promised the jury that that was what she was gonna testify to a trial and then at trial She just basically did a 180. Is that what you're correct? Okay, so and the court found that the information was discoverable and clearly discoverable But what the trial court did not do was decide whether or not the withholding of it Rose to the level that it should result in a punitive sanction and as I pointed out from the case law This is a situation that warranted a punitive sanction of dismissal You had to as I understand you spent two days cross-examining her Is that true well, I'd cross-examined her on two different calendar days It was not two entire days of cross-examination How many hours of cross-examination? I Cannot recall off the top of my head, but I got from the briefs. It was two days. It was a substantial amount of time It was a substantial amount of time because of the fact that throughout the course of those two days. We had numerous Arguments about the law that apply to the issue and those were taken up in the course of those two days as well Inappropriately curtail your two days of cross-examination of this person No, I don't contend that she Improperly curtailed if I call rain So the prejudice is where the prejudice is is that I told the jury Certain things were going to be coming out as true because that was my anticipation I lost credibility with the jury because this Credibility you were able to pull the statement out and said I thought she was going to say what she swore to say and I Spent ten days showing she was alive two days spending a liar. I don't I don't see we lost credibility Well because I represented to the jury that These that the facts as they were in the statement and you were able to explain to the jury that you were relying on a statement That she now under oath has gone against and for two days. You told showed her how she was a liar I don't I don't see the I don't I don't see the problem a reversible error problem here. I believe that the withholding of the discoverable information was intentional and warranted a Dismissal because even though I was able to talking about a sanction against the government not the case itself Blink the government should be sanctioned for not telling you ahead of time. I Believe the government should be sanctioned. But as the case law points out under the Sorry Sudakov case the If the error is intentional, then the proper remedy would be dismissal of the charges Oh, let me stop you there because you're over your time, but we'll give you a minute for rebuttal. Thank you very much Okay, let's why don't we hear from the government now to remain here? No. No, you should Have you come back up? Let's let's hear from government counsel Good morning, your honors may it please the court. My name is Steven Lee on Guerrero And I'm an assistant United States attorney in the districts of Guam in the Northern Mariana Islands I would like to address the points that Counsel has made first with the discussion on his request for the motion for judgment of acquittal With respect to that issue, you know, there was those comments that you know Miss White had had this intention to live together with of the appellant in this case. Mr Ruling and again, I disagree with that the testimony at trial was That even prior to the marriage she did not know that she would be living with mr. Wu That they would be living in the same residence after the marriage and it wasn't until a month after they were married on November 3rd 2007 that they subsequently lived together and even when they lived together both her and her daughter stayed in one particular part of the residence while The appellant stayed in an extension. So a word when you say I've worried Had I misread something when you said they live together because this record shows they did not live together Even though they lived in to say at the same address by living together. I assume that means cohabitating Well, well and I'll be more precise drunk what it was is that there was Miss White and her daughter were staying in in a residence and Mr. Wu was staying in an extension that was like there was a partition that was in blocking I mean, there was a partition between the extension and the residents that they were residing in Further I just didn't want When he returns I wanted him to be able to argue the facts as they are and I gathered you were saying That they live together and I gather and I read the record. They did not live together Although they resided the same address and I think that's what the record shows, doesn't it? So, you know with respect to the to the issue of you know whether they engage in this fraudulent marriage just to put this into context we had a defendant who was an illegal overstay for approximately eight years and It was at this point where you know, there was a discussion that's indicating the brief that he asked a friend Miss Zane who also pled in this case Looking for somebody to marry she subsequently Spoke with her husband. Mr. Giblets who in turn introduced Wu to miss white So we have an individual here who had a motive to engage in this fraudulent marriage It was an illegal overstay and even the written statement that was translated and that was provided at trial showed that Again, the standard is whether the parties intended to establish the life together and in his written statement He said the marriage was not truth at the beginning Beginning we set up to obtain green card page 20,000 later She say every month help her daughter to pay tuition fee So again at the beginning of this marriage even mr. Wu acknowledged that it wasn't a truth It wasn't a real marriage at the time counsel. But let's let's hear your let me cut you off Let's hear your response to the argument on the mistrial motion Now with respect to the mistrial motion, you know, it's the government's position that No, he indicated that You know his opening statement. He said this information He relied extensively on the opening on the written statement by this white during his opening statement but as pointed by the court to me that that's something that is a central issue to that particular discussion and yet as your honor pointed out the records void of Wearing the opening statement counsel relied on that statement during his opening statement and that's what we noted in our brief There is no reference of how He was prejudiced in his opening statement or how his defense strategy was prejudiced by not having this disavowal Were you trial counsel as well Yes, I was one of the co-counsel's in this case wrong so he says that in opening statement He promised the jury that they were going to hear from miss white that she was going to testify to X Y & Z And then of course at trial she more or less testifies to a B and C That that sounds like it could be Potential prejudice. Are you disputing his assertion on that front? I The witness statement as defense exhibiting I don't recall an opening statement where he specifically referenced that this written statement This witness is this is what she said and that that was what he was relying on I don't recall any specific reference to that written statement During the course of counsel's open state. Okay. Well you say in your brief You say in your brief that counsel had already been alerted to the fact that the witness was going to testify differently By virtue of other Discovery that you provided and I guess I look through at least everything that I Could find in the record and I didn't see what? Where where did she say in some prior interview that was then turned over to the defense counsel? Where did she say that basically everything I said in that statement was a lie Well what you have the discovery materials that was provided to counsel I mean that there was our allies that She gave detail, you know regarding the fraud click the fraudulent nature of this marriage that that it was a business deal There was subsequent our allies that were generated that were given to counsel Well, what do what's just point me to a place where you say? The defense lawyer was alerted to the fact that she was going to basically deny The thing she said in the original statement because that that original statement or we're calling an affidavit Whatever it was That you don't win a conviction if that's all she testifies to a trial. That's not enough So it was essential for your case that she later Altered her version of events and so we're in the discovery Did you alert counsel that she was going to testify differently from that original statement? Yeah, your honor, you know that there wasn't You know that the better practice the better practice would have been to You know to disclose the this about me during this was this occurred during trial preparation and so the better practice would have been to address the matter early on and inform counsel that You know what? She said about this statement You know that it was mostly false and so forth. However You know, it was it was the government's position that you know, given all the other discovery that was given to counsel He was put on notice that she was she was going to testify inconsistently with that written statement You have the fact that you know those subsequent our lives that were generated you had her plea agreement You had the fact that she was put as a witness on the government's case and you had these audio recordings You know where you know, it appeared that they're trying to get their stories together You know, she was asking what colors your toothbrush she was asking about her family So these are all discovery materials that counsel had that were provided even after this written statement and this put him on notice it would have put a reasonable person on notice that she was going to testify inconsistently with that 29-line statement that she gave to agents and furthermore You know, I'd also submit it. It's not reasonable for counsel to argue that That 29-line statement was the sum total of the whole testimony, you know If that was the case, you wouldn't have been a government witness and we submit she wouldn't have entered into a guilty plea to marriage fraud So so counsel was on notice that again, that wasn't the sum total of her testimony given all the other discovery That was provided in this case Did you have with respect? Excuse me. Did you have a statement from her or? recording or a Report of a police officer on what she was going to stay at trial instead of the statement that we're referring to You are the only the only information that we had and that we were relying on was was the discovery that Counsel received and counsel had going into trial. No, that isn't my question. And again, that is my question You have a witness You're aware That she's going to testify different from a statement that you've already supplied to counsel Did you have anything in writing? Did you have an interview? How did you know she was going to testify differently? Than what she said in the original statement Well, it was it was during trial preparation on the Friday before trial that She indicated that the statement her 29-line written statement she said that that was mostly false But I don't think you've answered my question my question is do you have anything in your files? whether produced in this trial or not That shows that the government knew Before what she was going to say because they interviewed her and they have a statement or a recording or a report Yes, I'd say that based on the ROIs and the recordings that were provided to defense counsel you know, that's what we knew that and we anticipated what she was going to testify to that she engaged in this fraudulent marriage that The marriage was not real and this is all information that counsel had I don't think you're asking my question I'm sure you know where I'm going if you have as written statement that shows that a Witness you're producing has not told the truth and you have anything in your in your file That counsel should know About that that you have a constitutional right to provide that now. I'm trying to find out was there any such I Don't know your honor the only the only time that you know, she indicated that a statement that she had was You know was mostly false was just referring to her specific written statement and that's that was during trial prep and as indicated before that, you know, the better practice would have been to You know to notify counsel, however, given all the other discovery I take it your answer to my question is no Yes, your honor no, okay But but again, that was the only that was the only Evidence that that was again. That was the only Statement that she had indicated that was false But but again with respect to that statement given all the other discovery in this case the auto recordings the ROIs That and and to put it into context your honor This written statement wasn't the only statement that that she gave to agents. She also gave to agents oral interviews Okay, those are why that also accompanied that written statement in which she gave agents details of this fraudulent marriage So putting it to context it wasn't just this written statement That's all she gave she also gave oral statements to the agents that this was a fraudulent marriage She gave the details of the fraudulent marriage and those ROIs were provided to defense counsel. So he had all of that information in discovery, so This is where I emphasize the point No, no reasonable person could you know given all this the ROIs the plea agreements the fact who's going to be a government witness No reasonable person could have believed that that that 29-line statement was going to be the sum total or testimony Given all the other discovery that was given. Okay counsel and as your honor said just you need to wrap up because your time is up Okay, and so, you know We'd submit that defense counsel wasn't prejudiced as pointed out by your honors He had an ample opportunity to utilize this information on cross He hasn't pointed to anywhere in the record where he detrimentally relied on this information or his opening statement And so for giving these reasons we submit that there was no prejudice and we would ask that your honors deny Okay, thank you very much Counsel you have a minute for rebuttal. Thank you very much as mr Leon grill pointed out the Friday prior to the start of trial They interviewed the witness and she said that the statement that she made was untrue They therefore then had the duty to inform defense counsel that she had said that that statement was untrue He later at during trial says well Yeah, it might have been a better practice to do that on that same Friday in the afternoon after that interview He provided other discovery, but not the discovery that indicated that she had disavowed the statement That was producing discovery, right that was clearly an Intent to keep that information from defense counsel and under the the case the Chapman case flagrant prosecutorial misconduct in not disclosing that information warrants dismissal He's saying that you were already on notice by virtue of the reports of interviews that were conducted earlier that she was going to go Sideways from the statement she'd given earlier. That's not true There's nothing that contradicts the statements that are in that well well hang on I'm just looking at one of them I mean this is from the October 9th one and she says the agent reports that she acknowledged that her marriage to Wu was just a business deal and that she never Loved him so why isn't that and that seems inconsistent with what she said in that earlier statement? She she doesn't say in the statement that she loved him She says in the statement that she entered into the marriage. She had the expectation that he would provide for her a stable life She had been unstable in her finances in the way in which she had a wild Lifestyle and she thought that this marriage would bring her to a more stable Lifestyle, that's not they're not inconsistent They may you may read it in one context as giving a certain flavor But it isn't saying everything I wrote in that statement or most of what I wrote in that statement is not true And that is where in the the the rubber meets the road so to speak is that? understand what you're arguing, but You suggesting that counsel had a statement from her where she said she was going to do X Y Z And and this record shows that that isn't so is that so no this record shows He did know that what she in fact he just said that during the trial prep During his discussions with the witness she told him that what she wrote in that statement was Untrue that was never disclosed. It wasn't disclosed until she testified That was flagrant misconduct now one last point I'd like to make I think that if you look at the issue on the Whether or not they live together living together is not establishing a life together the concept of Establish a life as marital partners contains no federal dictate about the kind of life that the partners may choose to lead Any attempt to regulate their lifestyle such as prescribing the amount of time they must spend together or designating the manner in which either party? Partner elects to spend his or her time in the guise of specifying requirements of a bona fide marriage would raise serious Constitutional questions, and I have pointed out that after the period of time That they moved into the residence mr. Wu went to her and said look you know this marriage is going to be better if we have sex All of these facts show the intent on mr. Wu's part to establish a life together all yes, you're way over your time, so I just wrap up please yes So all of those factors show that they intended to establish a life together Including the fact that they planned to go to China to meet his family And they were making those plans in the early part of the year following the marriage in November one last thing on the issue of the Allen charge I think that the issue on the Allen charge is very important I only knew on rebuttal that he cannot answer to you're not supposed to your time is up anyway I just your time is that your brief yes I just wanted to say I rely no, but you don't say it not every level. I'm sorry Thank you very much for your argument this case will be submitted and we will move to the next case Thank you very much your honors. Thank you your time. Thank you welcome. We'll call now United
judges: Wallace, Farris, Watford